1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9   Paramjit Singh,                      )    CIV-16-0755-PHX-SRB (MHB)
                                         )
10              Petitioner,              )    **REPORT AND RECOMMENDATION**
                                         )
11   vs.                                 )
                                         )
12   Secretary of Department of Homeland )
     Security,                           )
13                                       )
                Respondent.              )
14   _____ )

15   TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

16          On March 21, 2016, Petitioner Paramjit Singh (A208-205-672), who is confined in

17   the Florence Correctional Center, filed a *pro se* Petition Under 28 U.S.C. § 2241 for a Writ

18   of Habeas Corpus by a Person in Federal Custody and paid the filing fee. In an April 12,

19   2016 Order, the Court dismissed the Petition without prejudice and gave Petitioner 30 days

20   to file an amended petition using the court-approved form. On May 5, 2016, Petitioner filed

21   an Amended § 2241 Petition (Doc. 4).

22          Petitioner is a native and citizen of India. He has been detained since he attempted to

23   enter the United States through the border with Mexico on November 23, 2015. After

24   Petitioner requested asylum, an asylum officer conducted a reasonable fear interview and

25   determined that Petitioner lacked a credible fear of persecution or torture. On December 16,

26   2015, an immigration judge (IJ) affirmed the asylum officer's negative credible fear

27   determination and ordered Petitioner removed from the United States. Petitioner filed a

28

petition for review of the IJ's decision in the Ninth Circuit Court of Appeals, and on June 13, 2016, the Ninth Circuit dismissed the petition for review concluding that it lacked jurisdiction.

In his Amended Petition, Petitioner raises four grounds for relief. In Grounds One and Four, Petitioner argues that he is entitled to a bond hearing pursuant to, *inter alia*, Zadvydas v. Davis, 533 U.S. 678 (2001), and Rodriguez v. Robbins, 804 F.3d 1060 (9th Cir. 2015). In Ground Two, Petitioner alleges that the IJ's decision was not supported by substantial evidence and that both the IJ and the asylum officer applied the incorrect law and failed to supply specific, cogent reasons for their negative credible fear determinations. In Ground Three, he claims that the asylum officer failed to elicit sufficient evidence, that there was no counsel present, and that he was denied the opportunity to present corroborating evidence. Petitioner also claims that the IJ affirmed the asylum officer's negative credible fear finding without providing him "an opportunity to explain ... [or] present corroborating evidence."

On June 17, 2016, the Court screened the Amended Petition and required Respondent to answer Grounds One and Four. The Court dismissed Grounds Two and Three for lack of jurisdiction.

On September 2, 2016, Respondent filed a Notice to the Court and Suggestion of Mootness (Doc. 14). Respondent stated that on August 30, 2016, the IJ held a bond hearing for Petitioner, and denied his request for change in custody. (Doc. 14, Exh. 1 – August 30, 2016 Order of Immigration Judge.) Respondent contended that Petitioner has received the bond hearing that he sought in the Amended Petition and, therefore, this matter is moot as there is no longer a live controversy.

Thus, it appearing that Petitioner has received the bond hearing that he sought in his petition and, therefore, there is no longer a live controversy in this matter, the Court ordered Petitioner to show cause why this action should not be dismissed as moot. To date, Petitioner has not responded or otherwise communicated with the Court, and the time for filing a response to the Court's Order has expired.

1    Accordingly, it appearing that the relief requested in Petitioner's amended habeas

2  petition has been granted, and that the amended habeas petition is now moot and should be

3  dismissed, the Court will recommend that Petitioner's Amended Petition for a Writ of Habeas

4  Corpus be dismissed.

5    **IT IS THEREFORE RECOMMENDED** that Petitioner's Amended Petition for a

6  Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 4) be **DISMISSED** as moot and

7  without prejudice.

8    This recommendation is not an order that is immediately appealable to the Ninth

9  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

10  Appellate Procedure, should not be filed until entry of the district court's judgment.  The

11  parties shall have fourteen days from the date of service of a copy of this recommendation

12  within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1);

13  Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen

14  days within which to file a response to the objections.  Failure timely to file objections to the

15  Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

16  and Recommendation by the district court without further review.  See United States v.

17  Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any

18  factual determinations of the Magistrate Judge will be considered a waiver of a party's right

19  to appellate review of the findings of fact in an order or judgment entered pursuant to the

20  Magistrate Judge's recommendation.  See Rule 72, Federal Rules of Civil Procedure.

21    DATED this 26th day of September, 2016.

22

23    _Michelle H. Burns_

24    Michelle H. Burns
       United States Magistrate Judge

25

26

27

28                                              - 3 -